IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02166-RPM

ROSA REYNOSO on behalf of
E.P., minor child,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.
_____

ORDER AFFIRMING DECISION
_____

    This a judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's denial of the application filed by Rosa Reynoso, for supplemental security income, claiming disability of her son E.P., then aged 14. The Social Security Act defines childhood disability in 42 U.S.C. § 1382 c (a)(3)(c)(I) as an individual having a "medically determinable physical or mental impairment, which results in marked and severe functional limitations" expected to last for a continuous period of not less than 12 months. The Commissioner's Regulations direct the application of a four step sequential analysis of claimant's impairment, 20 C.F.R. § 416.924 (b)-(d).

    In this case, an Administrative Law Judge (ALJ) determined that E.P. had severe mental impairments: speech and language delay, borderline intellectual functioning, attention deficit disorder, learning disability - NOS and depressive disorder - NOS but found they did not, in combination, meet or equal the regulatory requirements of the listings in 20 C.F.R. Pt. 404, Subpt. P. App.1 in mental disorder categories 112.02 for organic mental disorder, 112.04 mood disorder, 112.05 metal retardation and 112.11 attention deficit hyperactivity disorder.

    To assess functional equivalence of the requirements of the listings, the ALJ was

required to consider how E.P. functioned in six "domains" of activities: (1) Acquiring and using information; (2) Attending and completing tasks; (3) Interacting and relating with others; (4) Moving about and manipulating objects; (5) Caring for himself; (6) Health and physical well being, § 416.926.a(b)(1).

To establish functional equivalence, the claimant must have either "marked" limitations in two domains or an "extreme" limitation in one domain. The ALJ determined that E.P. had marked limitation in acquiring and using information; less than marked limitation in attending and completing tasks and interactivity and relating with others and no limitation in the other domains.

The ALJ's decision, (R 26-40) dated February 22, 2007, after a hearing held on December 7, 2006, became the Commissioner's final decision after the Appeals Council denied a request for review on September 24, 2007. That request was made by counsel for the claimant, who had not been present at the hearing. Submitted with the request were records from the Aurora Community Health Center which the Appeals Council considered and concluded that no information in them provided a basis for supporting restrictions more severe than the ALJ found in his decision, R.5.

The claimant contends that those treatment records, dated from February 8, 2006 to May 14, 2007 (R. 234-273), show a diagnosis of depressive disorder treated by Prozac and later Wellbutrin, a GAF score of 45 in early 2006 and disciplinary problems at school. The ALJ was made aware of those problems and the medication from the claimant's testimony at the hearing but did not obtain the records contrary to his duty to fully develop the record. The plaintiff argues that this failure should be a basis for reversal and remand in this case because Ms. Reynoso speaks only Spanish, attended the hearing for her son without representation and did not understand that those records would have been a basis for cross examining the medical expert. Dr. Robert Pelc, Ph.D., a psychologist whose opinion testimony was based on the

2

medical records before the ALJ. The ALJ gave greatest weight to that testimony and the opinion of Dr. Douglas Hanze, a state agency psychologist, who reviewed the available medical record on March 16, 2006, in determining that the limitation in acquiring and using information was marked but not severe.

The plaintiff points to some of the test scores, particularly the I.Q. testing done by Dr. Stuart Kurtz, Ph.D., as contradictory of these opinions. Dr. Kurtz opined that these scores were underestimates of the claimant's true level of functioning.

E.P. was attending Smokey Hill High School under an Individualized Educational Plan (IEP) providing for accommodations for his learning disabilities. Two of his teachers completed an SSA form questionnaire on February 24, 2006, R 121-128. Based on their experiences seeing E.P. for Language Arts special education classes for five hours per week over seven months, they gave their evaluations of his functioning in the six domains, saying that he had problems in acquiring and using information but that "He only needs a minimal degree of structure and support", R. 122. They also reported problems with attending and completing tasks, saying that "Eric tends to be more 'scattered' when he is tired, especially the last period of the day. He often reports (when asked) that he sometimes doesn't get enough sleep." R. 123. The teachers reported no problems observed in the other domains and gave this summary:

> Eric is a polite and pleasant student who has a good attitude toward school. He is a responsible person who is eager to please, able to initiate, maintain and end a conversation. He responds positively to difficult tasks when given encouragement. He is showing improvement in completing tasks and self-advocacy skills. (R. 128).

These observations provide substantial support for the ALJ's findings.

The plaintiff claims error in the failure of the ALJ to provide an adequate advisement of the right to be represented by an attorney. While the advisement was perfunctory, there is no

3

basis for finding that a lack of legal representation was prejudicial in this non-adversarial setting.

Upon the foregoing, it is

ORDERED, that the decision is affirmed.

DATED: March 25th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge